ANNETTE MORASCH (SBN 263797)
Annette@AmoraschLaw.com
Law Office of Annette Morasch
5301 Raintree Circle
Culver City, CA 90230
Phone: (323) 791-6276
Fax: (323) 617-5523

Attorney for Plaintiff,
JANIE BARBER

LODGED
2013 NOV 13 AM 11:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANIE BARBER, as an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR L. BUCKELEW, as an individual and a trustee of ARTHUR L. – JOANNE BUCKELEW TRUST and d/b/a FOUR SONS; BARRY ASHBROOK, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV13-08384 – DDP (JEMx)<br><br>**COMPLAINT FOR DAMAGES FOR HOUSING DISCRIMINATION ON THE BASIS OF DISABILITY AND FAMILIAL STATUS**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff, JANIE BARBER, ("Plaintiff") as an individual by and through her undersigned attorney and for this complaint, against Defendants ARTHUR L. BUKELEW, an individual; and BARRY ASHBROOK, an individual; all doing business in the state of California, and DOES 1-100 inclusive (collectively "Defendants"), alleges upon personal knowledge and belief as to her own acts, and upon information and belief (based upon the investigation of her counsel) as to all other matters, as to which allegations she believes substantial evidentiary support

will exist after a reasonable opportunity for further investigation and discovery, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the Fair Housing and Amendments Act, 42 U.S.C. §3601 *et seq.* (the "Fair Housing Act"). This Court has supplemental jurisdiction over Plaintiffs' state claims under the California Fair Employment and Housing Act, Cal. Gov't Code §12955, *et seq*.

2. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Central District – Western Division and that Plaintiffs' causes of action arose in the Western Division of the Central District.

## THE PARTIES

1. Plaintiff JANIE BARBER (hereinafter "Plaintiff") is an individual and was at all times herein mentioned resided in Thousand Oaks, California and rented one of Defendants' apartments located at 399 Erbes Road, Thousand Oaks, California. Plaintiff had been a tenant of DEFENDANTS since on or around July 17, 2010 until she was wrongfully evicted on or around August 4, 2013. Plaintiff is an individual with a "disability" as defined by Cal. Gov't Code § 12926 and a "handicap" as defined by 42 U.S.C. §3602.

2. Defendant, ARTHUR L. BUCKELEW is, and at all times herein

mentioned was, a California resident and individual doing business within the State of California, County of Ventura. Upon information and belief, through all times relevant herein, ARTHUR L. BUCKELEW is a trustee of ARTHUR L. – JOANNE BUCKELEW TRUST, ("The Trust"). Upon information and belief, The Trust holds title in the apartment complex located at 399 Erbes Road, Thousand Oaks, California ("Subject Property"). Upon information and belief, ARTHUR L. BUCKELEW also does business as "FOUR SONS" and "FOUR SONS APARTMENTS" and is the alter ego and/or integrated enterprise of all other Defendants mentioned herein. ARTHUR L. BUCKELEW is an "owner" within the meaning of Cal. Gov't Code §§ 12927(e) and 12955(a) and a "person" subject to the antidiscrimination provisions of 42 U.S.C. § 3602(d) and Cal. Gov't Code § 12925(d).

3. Defendant BARRY ASHBROOK is, and at all times herein mentioned was, a California resident. At all times relevant herein, ASHBROOK was and remains the onsite property manager of the Subject Property. Upon information and belief, ASHBROOK is an employee and agent of "FOUR SONS", "FOUR SONS APARTMENTS" and/or ARTHUR L. BUCKELEW and/or The Trust. ASHBROOK is an "owner" within the meaning of Cal. Gov't Code §§ 12927(e) and 12955(a) and a "person" subject to the antidiscrimination provisions of 42 U.S.C. § 3602(d) and Cal. Gov't Code § 12925(d).

4. Plaintiff is ignorant of the true names and capacities of defendants

sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible as hereinafter shown for the occurrences and injuries to Plaintiff as herein alleged.

5. Plaintiff is informed, believes, and alleges that, at all times herein mentioned, DEFENDANTS, and each of them, were the agents of each of the other defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and with the permission and consent of their co-defendants.

## I.   FACTUAL ALLEGATIONS

11. 399 Erbes Road, Thousand Oaks (the "Subject Property") is a "dwelling" within the meaning of 42 U.S.C. § 3602(b) and Cal. Gov't Code §12955.1.

12. PLAINTIFF has a "handicap" within the meaning of 42 U.S.C. §802(h) and a "disability" within the meaning of Cal. Gov't Code §12955 and §12926.

13. At all times relevant herein, PLAINTIFF resided at the property with her minor aged daughter, "E." and her minor aged son "R.".

14. Plaintiff's medical doctor provided Plaintiff with a written prescription for an emotional support animal to help alleviate the effects of

Plaintiff's disability. By law, an emotional support animal is not considered a pet. Acting upon her doctor's advice, Plaintiff obtained an emotional support dog.

15. DEFENDANTS, acting individually or in concert, directly or through agents, have engaged in a pattern and practice of discrimination against their tenants with minor-aged children, and their tenants with disabilities, in the operation of their residential rental property. DEFENDANTS continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

16. On May 25, 2013, Defendant ASHBROOK saw that Plaintiff had a dog. ASHBROOK and PLAINTIFF engaged in the following written communications via text message on the same day:

ASHBROOK: Do u have a dog!!!

BARBER: I have a disability that allows me a support animal under the disability act. I have a Dr. letter.

ASHBROOK: BS!!!

BARBER: I can give you a copy of the letter.

ASHBROOK: U just … get a dog! Bye!!!

17. On May 28, 2013, Defendant ASHBROOK and PLAINTIFF engaged in the following written communications via text message:

ASHBROOK: Just an FYI…When I tell the bldg owner u have dog that will be it. Expect a 30 day notice!

BARBER: I have dr. letter

ASHBROOK: Take care

BARBER: does the lady w Chihuahua have to move? Or the cats or snakes or other tenants with dogs?

ASHBROOK: Bye

BARBER: I have a medical reason protected by law

ASHBROOK: Nope. No rent control in Ventura County. Bldg owner can evict for any reason. The notice will have our lawyers contacts

BARBER: not rent control. Disability act..

ASHBROOK: Bye

BARBER: r u giving notice to everyone? Larry doris Erica marcy?

BARBER: I will bring dr's note today

ASHBROOK: Won't matter

BARBER: its discrimination. Why r u targeting me?

18. On May 30, 2013, PLAINTIFF hand-delivered a note to Defendant ASHBROOK. The note was from her Doctor stating that PLAINTIFF needed an emotional support animal for PLAINTIFF's disability. On the same day, ASHBROOK and PLAINTIFF engaged in the following written correspondence via text message:

BARBER: We hand delivered a copy of my Dr's letter to you today.

You can research fair housing code for info. Thank you.

ASHBROOK: Doesn't matter. U breeched ur signed lease. Plus no rent control means bldg owner can evict cuz u looked at him wrong. Either dog goes or u'all go!

BARBER: Rent control regulates rent amt. only

ASHBROOK: Bye bye

BARBER: Its discrimination. Its very clearly written in the fair housing code.

ASHBROOK: My suggestion is u look for new apt the takes dogs before u have eviction on ur record!

BARBER: Dogs? Only 1. He is a support animal under the fair housing act. I am protected by law. I am feeling that you are threatening me and I am now getting scared of what u might do to make me leave due to my disability status. And you have a drug dealer living in the complex but that's ok?

ASHBROOK: I'm not threatening u! …The dog is over the edge. And I won't be able to help u this time!!!

BARBER: It is legit. I am on medication also.

ASHBROOK: Sorry. I don't own the bldg.

BARBER: please forward my letter to the owner then.

ASHBROOK: I will in the morn. I gave u this one last day before

speaking with him. After that it will be out of my hands. Take care

19. Only four days after DEFENDANTS were provided with PLAINTIFF'S doctor's note, DEFENDANTS delivered a "Sixty Day Notice to Quit" to PLAINTIFF. In other words, only four days after PLAINTIFF provided DEFENDANTS with notice of her disability and need for an accommodation, DEFENDANTS evicted PLAINTIFF.

20. On or around June 20, 2013, an attorney for PLAINTIFF, Joseph M. Herbert, sent a certified letter to DEFENDANT ARTHUR BUCKELEW. This letter informed DEFENDANT BUCKELEW of the rights afforded to PLAINTIFF under the federal and state fair housing acts and requested that DEFENDANT BUCKELEW grant PLAINTIFF'S request for a reasonable accommodation in DEFENDANT'S no-pets rule in order for PLAINTIFF to use and enjoy the Subject Property.

21. DEFENDANT ARTHUR BUCKELEW did not respond to the June 20, 2013 letter, and PLAINTIFF was forced to move out of the Subject Property or face eviction proceedings.

22. Upon information and belief, in retaliation for making a protected accommodation request and complaint of housing discrimination, DEFENDANTS not only evicted PLAINTIFF from her residence of three-years, but also failed to return her security deposit without good cause.

23. DEFENDANTS also maintain a written policy that unfairly limits the

Subject Property's amenities to families with children. For example, DEFENDANTS' "ADDENDUM TO RENTAL/LEASE AGREEMENT RULES AND REGULATIONS" Paragraph "I" includes the following discriminatory statement against children:

    a. "Children on the premises must be supervised by a responsible adult at all times. The common areas are NOT to be used as a playground: NO games, bike riding, skateboarding or similar activity are permitted. TENANT will not perform or conduct child care, except children listed on the rental agreement, at any time on the premises."

24. Defendants' unlawful conduct includes, but is not limited to, commission of the following discriminatory housing practices:

    a. Refusing to rent a dwelling to a person with a recognized disability;

    b. Imposing different terms, treatment, conditions or privileges associated with a rental unit on tenants with disabilities and/or with minor-aged children;

    c. Making or publishing, or causing to be made or published, notices, statements with respect to the rental of a dwelling that indicates a preference for tenants without disabilities and without children, which has and had the effect of discriminating against tenants with

       disabilities and tenants with minor-aged children;

   d. Harassing and evicting Plaintiff on the basis of her disability and with the dominate purpose of the harassment and eviction to retaliate against Plaintiff for making a written opposition to the Defendants' discriminatory acts;

   e. Aiding, abetting, inciting, compelling and/or coercing the discrimination against tenants with disabilities and tenants with children;

   f. Failing to engage in the interactive process with tenants who have made reasonable accommodation requests for their disabilities;

   g. Refusing to make a reasonable accommodation in their rules and policies regarding "no pets"; and,

   h. Otherwise making unavailable or denying a dwelling to Plaintiff on the basis of her disability, and on the basis of her familial status.

25. The unlawful practices of the DEFENDANTS as described above were and are wanton, willful, malicious, fraudulent, and/or oppressive; were intended to cause injury and/or were done in conscious, callous, reckless, or deliberate disregard for the legally protected rights of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

26. As a result of DEFENDANTS' above-described actions, PLAINTIFF has suffered, and continues to suffer, and will in the future suffer, irreparable loss

and injury, including but not limited to: loss of housing opportunity; invasion of the private right of occupancy; violation of civil rights; physical and mental injury including emotional distress, humiliation, embarrassment, anxiety, hopelessness and other general and special damages according to proof.

**FIRST CAUSE OF ACTION**

**Fair Housing Act 42 U.S.C. §3604**

**Discrimination on the Basis of Handicap**

**(As Against All Defendants)**

27. Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-26, inclusive, as though fully set forth in this cause of action.

28. DEFENDANTS, by and through a pattern and practice of discrimination on the basis of Plaintiff's handicap, have violated the Fair Housing Amendments Act 42 U.S.C. §3604 ("FHA") in that DEFENDANTS discriminated in the terms, conditions and privileges of renting the Subject Property.

29. DEFENDANT BARRY ASHBROOK made and published statements with respect to the rental of the Subject Property that indicated a preference based on handicap status.

30. DEFENDANTS otherwise made unavailable the Subject Property because of Plaintiff's handicap.

31. DEFENDANTS refused to make reasonable accommodations in their "no pets" rules, policies, practices or services of the Subject Property when the

accommodation was necessary to afford PLAINTIFF an equal opportunity to use and enjoy the Subject Property.

32. As a direct and proximate result of the aforementioned acts, PLAINTIFF has suffered, and continues to suffer, economic and emotional damages.

33. Pursuant to 42 U.S.C. §3613(c), PLAINTIFF is entitled to actual and punitive damages as the DEFENDANTS acted with malice or with complete disregard to PLAINTIFF'S rights.

34. Pursuant to 42 U.S.C. §3613(c), PLAINTIFF is entitled to attorney's fees and costs.

**SECOND CAUSE OF ACTION**

**California Fair Employment and Housing Act, Cal. Gov't Code § 12955**

**Discrimination on the Basis of Disability**

**(As Against All Defendants)**

35. Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-34, inclusive, as though fully set forth in this cause of action.

36. Defendants, by and through a pattern and practice of discrimination on the basis of PLAINTIFF's disability, have violated the California Fair Employment and Housing Act, Cal. Gov't Code § 12955, *et seq*., ("FEHA") in that DEFENDANTS have injured Plaintiff by engaging in discriminatory acts, including the acts enumerated in paragraphs 12-34.

37. Pursuant to Cal. Gov't Code § 12989.2, Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**Fair Housing Act 42 U.S.C. §3604**

**Discrimination on the Basis of Familial Status**

**(As Against All Defendants)**

38. Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-5, 13, 19, 23-26, inclusive, as though fully set forth in this cause of action.

39. At all times relevant herein, the FHA has prohibited discrimination against any person on the basis of their "familial status" (residing with an individual who has not attained the age of 18). 42 U.S.C. §3602(k) and §3604.

40. DEFENDANTS, by and through a pattern and practice of discrimination on the basis of Plaintiff's familial status, have violated the FHA in that DEFENDANTS discriminated in the terms, conditions and privileges of renting the Subject Property.

41. Further DEFENDANTS made, printed and published statements and notices stating a preference based on a tenant's familial status.

42. As a direct and proximate result of aforementioned acts, PLAINTIFF suffers and continues to suffer economic and emotional damages.

43. Pursuant to 42 U.S.C. §3613(c), PLAINTIFF is entitled to actual and punitive damages as the DEFENDANTS acted with malice or with complete

disregard to PLAINTIFF'S rights.

44. Pursuant to 42 U.S.C. §3613(c), PLAINTIFF is entitled to attorney's fees and costs.

**FOURTH CAUSE OF ACTION**

**Cal. Fair Employment and Housing Act, Cal. Gov't Code 12955**

**Discrimination on the Basis of Familial Status**

**(As Against All Defendants)**

45. Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-5, 13, 19, 23-26, 38-44, inclusive, as though fully set forth in this cause of action.

46. Cal. Gov't Code §12927(c)(1) has been in effect and has defined "discrimination" to include acts such as: denial of housing accommodations; provisions of inferior terms, conditions or privileges; the termination of a rental agreement, and; refusal to make changes in rules policies, practices or services to allow protected individuals equal opportunity to use and enjoy a dwelling.

47. Through Defendants' written policy forbidding children from playing outside, forbidding childcare, and through Defendants' selective enforcement of the policy on children, Plaintiff has been discriminated against on the basis of her familial status.

48. As a direct and proximate result of the aforementioned acts, Plaintiff suffers and continues to suffer economic and emotional injury.

49. Pursuant to Cal. Gov't Code § 12989.2, Plaintiff is entitled to

compensatory damages, punitive damages, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**California Fair Employment and Housing Act, Cal. Gov't Code § 12955(f)**

**Retaliation on the Basis of Making a Reasonable Accommodation Request**

**(As Against All Defendants)**

50. Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-49, inclusive, as though fully set forth in this cause of action.

51. At all times relevant herein, Cal. Gov't Code §12955(f) has prohibited a person from evicting a tenant when the person's dominant purpose was to retaliate against the tenant who opposed practices unlawful under FEHA.

52. In writing, Plaintiff opposed Defendants' discriminatory and unlawful animus based on her disability. In retaliation, only four days after Plaintiff opposed this disability discrimination, Defendants provided her with a notice of eviction. In further retaliation, DEFENDANTS failed to reimburse her $600.00 security deposit without complying with Cal. Civ. Code §1950.5.

53. As a direct and proximate result of the aforementioned acts, Plaintiff suffers and continues to suffer economic and emotional injury.

54. Pursuant to Cal. Gov't Code § 12989.2, Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**California Fair Employment and Housing Act, Cal. Gov't Code § 12955(g)**

**Aiding and Abetting Discrimination**

**(As Against All Defendants)**

55. Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-54, inclusive, as though fully set forth in this cause of action.

56. At all times relevant herein, Cal. Gov't Code §12955(g) has prohibited any person from aiding another person in violations of FEHA.

57. All named Defendants, upon information and belief, conspired, aided and abetted each other in order to evict Plaintiff for having a medically-approved emotional support animal. All named Defendants, upon information and belief, conspired, aided and abetted each other in order to prevent children from accessing common areas thereby depriving them of equal access and enjoyment to the premises.

58. As a direct and proximate result of the aforementioned acts, Plaintiff suffers and continues to suffer economic and emotional injury.

59. Pursuant to Cal. Gov't Code § 12989.2, Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees and costs."

///

///

///

**EIGHTH CAUSE OF ACTION**

**Unruh Civil Rights Act, Cal. Civil Code § 51**

**(As against all Defendants)**

56. Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1-55, inclusive, above, as though fully set forth in this cause of action.

57. DEFENDANTS injured, and continue to injure Plaintiff in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51, *et seq*. ("Unruh Act") by discriminating against her on the basis of her disability.

58. Pursuant to the Unruh Act, Plaintiff is entitled to statutory damages of up to three times her actual damages as determined by the trier of fact, but no less than $4,000 for each violation.

59. DEFENDANTS' violations of the Unruh Act have been intentional and malicious, and motivated by an evil intent to discriminate and/or to show a reckless and callous indifference to the protected rights of PLAINTIFF. Thus, under Cal. Civ. Code § 3294, PLAINTIFF is entitled to punitive damages in an amount to be determined at trial. PLAINTIFF is also entitled to compensatory damages, attorneys' fees, awards and costs.

**NINTH CAUSE OF ACTION**

**Negligence**

**(Against Defendants ARTHUR L. BUCKELEW, and DOES 1-100 Inclusive)**

60. Plaintiff repeats, repleads, and incorporates by reference Paragraphs

1-59, inclusive, as though fully set forth in this cause of action.

61. Defendant ARTHUR L. BUCKELEW as trustee of the title holder of the Subject Property, and as Owner of the subject property, owed and continues to owe Plaintiff a duty to operate the Subject Property in a manner that is free from unlawful discrimination. ARTHUR BUCKELEW has a duty to employ, train and supervise his employees, managers, agents, and himself to fulfill the duty to provide discrimination-free housing. ARTHUR BUCKELEW has breached his duty by engaging in a pattern and practice of discrimination against tenants with disabilities and/or tenants with minor-aged children as herein alleged.

62. Defendant BUCKELEW'S negligence includes, but is not limited to:

    a. Failure to supervise himself and his employees regarding compliance with the requirements of federal and state housing laws;

    b. Failure to operate the Subject Property in conformity with accepted industry custom and standards;

    c. Hiring and failing to train BARRY ASHBROOK in fair housing laws;

    d. Failing to prevent the issuance of eviction notice upon PLAINTIFF; and,

    e. After receiving a letter from PLAINTIFF'S attorney, failing to retract the eviction notice upon PLAINTIFF.

63. As a result of the BUCKELEW's negligence, PLAINTIFF has been injured. PLAINTIFF seeks compensatory damages, attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby prays that the Court enter judgment in her favor and against DEFENDANTS ARTHUR L. BUCKELEW, BARRY ASHBROOK, and Does 1 Through 100, inclusive, and each of them, as follows:

A. Declare that the discriminatory practices of the DEFENDANTS as set forth above, violate the FHAA, FEHA, and the Unruh Act;

B. For payment of all statutory obligations and penalties as required by law;

C. Award compensatory damages to PLAINTIFF;

D. For prejudgment interest at the legal rate;

E. For attorney's fees and costs;

F. For punitive damages in an amount sufficient to punish DEFENDANTS for the wrongful conduct alleged herein and to deter such conduct in the future; and

G. For such further relief as the Court may deem appropriate.

Dated: November 12, 2013 LAW OFFICE OF ANNETTE MORASCH

By: ______________________

ANNETTE MORASCH
Attorney for Plaintiff,
JANIE BARBER

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of the causes of action and claims asserted herein.

Dated: November 12, 2013 LAW OFFICE OF ANNETTE MORASCH

By: ______________________
ANNETTE MORASCH
Attorney for Plaintiff,
JANIE BARBER